# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 151-11-17 Vtec

---

Snowstone, LLC JO #2-308

---

## ENTRY REGARDING MOTION

Count 1, Act 250 Jurisdictional Opinion (151-11-17 Vtec)

Title:            Motion to Alter (Motion 4)

Filer:           Natural Resources Board

Attorney:    Gregory J. Boulbol

Filed Date:  December 13, 2018

Response in Support filed on 12/19/2018 by Attorney Merrill E. Bent for Petitioner to Intervene Jack Munson

Response filed on 01/11/2019 by Attorney Lawrence G. Slason for Appellant Snowstone, LLC

**The motion is GRANTED IN PART and DENIED IN PART.**

The matter before the Court is an appeal of a jurisdictional opinion issued by the District #2 Environmental Commission Coordinator ("District Coordinator") concluding that the sale of a 0.93-acre portion of land by Justine and Maureen Savage to Jason Snow, working through his limited liability company Snowstone, LLC ("Snowstone"), for use as a stone quarry was not an arm's length transaction, and therefore Act 250 jurisdiction would attach to the entirety of the Savage parcel. On November 27, 2018, this Court issued a merits decision on initial bifurcated issues ("Decision") which concluded that Act 250 jurisdiction has not been triggered by the sale.

Presently before the Court is the Natural Resources Board's ("NRB") limited motion to alter the Decision. The NRB requests that the Court either strike its conclusion that the term "involved land" does not apply to "one-acre towns" or reach the conclusion that the term affirmatively does apply. See 10 V.S.A. § 6001(3)(A)(ii). The NRB asserts either of these actions would not affect our overall conclusion that jurisdiction has not attached to the property.

A group of area residents that have entered appearances in this matter as Interested Persons (together, "the Neighbors") have filed a response in support of the NRB's motion.[1]

---

[1] The Neighbors are: Bruce and Linda Watson, Izzet and Sandy Haci, Kim and James Bergeron, Ellen and Edward Beatty, Kern Svetlana Phillips, Paul Hogan, Maryellen and James Wichelhaus, Teresa Harrington, Judy and Dan Massey, Joe Calzone, Marcia Packlick, and Jack Munson.

We note that their response specifically requests the Court modify its Decision to conclude that "involved land" does apply in "one-acre towns." However, they assert that they endorse both the NRB's legal analysis and

Snowstone has filed a motion concurring that this conclusion does not have any bearing on our overall conclusion regarding jurisdiction, though disagreeing that the Court should reverse its conclusion.

It is within the Court's discretion to grant a motion to amend or alter pursuant to V.R.C.P. 59(e) if necessary to relieve a party from "the unjust operation of the record resulting from mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enters., 164 Vt. 582, 588 (1996).

Here, the parties agree that the Court's conclusion regarding whether the term "involved land" applies in a "one-acre town" is unnecessary based on our previous conclusions that the project at issue in this appeal will involve less than one acre of land. In re Snowstone, LLC JO #3-308, No. 151-11-17 Vtec, slip op. at 12 (Vt. Super. Ct. Envtl. Div. Nov. 27, 2018) (Durkin, J.).

We agree. Because the Court concluded both that the project's area will occur on less than one acre and that the Savages and Snowstone should not be considered the same "person" for the purposes of Act 250 jurisdiction, our conclusion regarding the term "involved land" is unnecessary and not dispositive. See State v. Jewett, 148 Vt. 324, 332 (1987) ("By motion for reargument the parties have brought to our attention the discussion of an issue in the original opinion which was unnecessary to the disposition of the cause. Accordingly, we have recalled the opinion and deleted reference to this issue.") Therefore, we **GRANT** the NRB's motion to alter the decision for the limited purpose of striking dicta related to the Court's conclusion regarding the applicability of the term "involved land" in a "one-acre town."

However, we decline to revisit our underlying analysis of the doctrine of "involved land" and note that the term was thoroughly briefed by the parties and analyzed by the Court. Therefore, we **DENY** the NRB's motion to reverse our conclusion outright or strike our analysis of the term in full. Given that the doctrine of "involved land" does not impact upon our determinations concerning a parcel of land that we have concluded involves less than one acre, we conclude that it would not be proper for this Court to render legal conclusions upon on what impact the doctrine of "involved land" may have upon a tract of land that collectively contains more than one acre in a "one-acre town."

The Court hereby strikes the following language:

1. On page 13, we strike the sentence: "We therefore must analyze whether the doctrine of 'involved land' has an impact upon the jurisdictional challenge presented by Snowstone's appeal."
2. On page 13, we strike the language beginning with "which includes the omission" and ending with "our present analysis."
3. On page 16, we strike the sentence: "For the reasons set forth above, we conclude that the doctrine of 'involved land' is inapplicable in the present appeal, as the Town of Cavendish is a 'one acre town' and the applicable statutory definition does not include the relevant "involved land" language."

---

relief requested. Therefore, we conclude that they do not contest the assertion that the language can be stricken without disturbing our overall conclusion.

The Court hereby inserts the following language into our Decision for clarity:

1. On page 13, following the sentence now ending with "in the manner that it did," we insert the sentence: "We therefore conclude that Act 250 jurisdiction has not been triggered as the size of the proposed project is below the jurisdictional threshold and an analysis of the term "involved land" is therefore unnecessary."
2. On page 16, the first sentence of the Conclusion we insert the following: "For the reasons set forth above, we conclude that the project will occur on a parcel of land below the jurisdictional threshold which triggers Act 250 jurisdiction."

All other aspects of our Decision remain unchanged.  A Revised Merits Decision on Initial Bifurcated Issues accompanies this Entry Order.

**So Ordered.**

Electronically signed on February 21, 2019 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Lawrence G. Slason (ERN 2443) and Samantha Snow (ERN 6873), Attorneys for Appellant Snowstone, LLC

Merrill E. Bent (ERN 5013), Attorney for Petitioners to Intervene Bruce and Linda Watson, Izzet and Sandy Haci, James and Kim Bergeron, Edward and Ellen Beatty, Kern and Svetlana Phillips, Paul Hogan, James and Maryellen Wichelhaus, Teresa Harrington Dan and Judy Massey, Joe Calzone, Marcia Packlick, and Jack Munson

Barry J. Polidor (ERN 1193), Attorney for Interested Person Windsor County Properties, LLC

Gregory J. Boulbol (ERN 1712), Attorney for the Vermont Natural Resources Board